CAUSE NO. CL-10-0449-E

| | | |
|---|---|---|
| CLAUDIA MARTINEZ INDIVIDUALLY AND AS NEXT OF FRIEND OF A M_____, MINOR<br>Plaintiffs, | § § § § | IN THE COUNTY COURT AT LAW OF HIDALGO CO |
| V. | § § § § § | NO. 5 |
| JAMES PONCE, Ed.D, INDIVUDUALLY AND AS SUPERINTENDENT OF MCALLEN ISD, JULIA ANICETO, INDIVIDUALLY, AND MCALLEN INDEPENDENT SCHOOL DISTRICT<br>Defendants. | § | HIDALGO COUNTY, TEXAS |

FILED AT 1:17 O'CLOCK P M
FEB 17 2010
ARTURO GUAJARDO, JR., COUNTY CLERK COUNTY COURT AT LAW OF HIDALGO CO
BY_____ DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Claudia Martinez, Individually and as Next of Friend of A M_____ Minor, hereinafter called Plaintiffs, complaining of and about James Ponce Ed.D, Individually and as Superintendent of McAllen ISD, Julia Aniceto, and McAllen Independent School District, hereinafter called Defendants, and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1. Plaintiff affirmatively pleads that she seeks monetary relief of $50,000.00 or above, excluding costs, prejudgment interest and attorneys fees, and intends that discovery be conducted under Discovery Level 2.

### PARTIES AND SERVICE

2. Plaintiffs are individuals, who are residents of Hidalgo County, Texas

DATE MAR 04 2010
A true copy I certify
ARTURO GUAJARDO, JR.
County Clerk, Hidalgo County, Texas
By_____ Deputy

EXHIBIT A-2

3. Defendant James Ponce, Ed.D, an individual who is a resident of Texas, may be served with process at his office at the following address: 2000 N. 23rd St., McAllen, Texas 78501. Service of said Defendant as described above can be effected by personal delivery.

4. Defendant Julia Aniceto, an individual who is a resident of Texas, may be served with process at his office at the following address: 2000 N. 23rd St., McAllen, Texas 78501. Service of said Defendant as described above can be effected by personal delivery.

5. Defendant McAllen Independent School District, an independent school district, may be served with process by serving its superintendent James Ponce, Ed.D, at his office at the following address: 2000 N. 23rd St., McAllen, Texas 78501. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

6. The subject matter in controversy is within the jurisdictional limits of this court.

7. This court has jurisdiction over the parties because Defendants are Texas residents.

8. Venue in Hidalgo County is proper in this cause because the acts and omissions giving rise to the claim occurred in Hidalgo County.

## FACTS

9. On or about May 27, 2009, minor plaintiff A        M        was attending Alvarez Elementary School of the McAllen Independent School District. Plaintiff Martinez was six years old at the time. On or about this date, Plaintiff was unreasonably disciplined by school staff and, upon information and belief, a member of the school security. Plaintiff was under

DATE  MAR 0 4 2010
A true copy I certify
ARTURO GUAJARDO, JR.
County Clerk, Hidalgo County, Texas
By _____ Deputy

medication for several conditions, including a diagnosed attention deficit disorder. Defendants, individually and through their agents, unlawfully handcuffed Plaintiff, placing the minor face down and handcuffed for several hours, notwithstanding the child's cries and pain. Plaintiff's wrists were placed in a severely untenable position, as the school officials locked the handcuffs tightly around his wrists. Plaintiff was humiliated and traumatized as a result of this violation of his person. Plaintiff has suffered damages and continues to undergo treatment for his mental anguish.

## PLAINTIFF'S CLAIM OF EXCESSIVE FORCE AGAINST DEFENDANTS

10. Defendants had a duty to exercise the degree of care that a reasonably careful educator would use to avoid harm to students under circumstances similar to those described herein.

11. Plaintiff's damages were proximately caused by Defendants negligent, careless and reckless disregard of said duty.

12. Defendants, pursuant to Texas Education Code, Section 22.0511(a), are personally liable for these acts, as these acts fall under the exception wherein an employee uses excessive force in the discipline of students or negligently causes bodily injury to students. The negligent, careless and reckless disregard of duty of Defendants consisted of, but is not limited to, the following acts and omissions:

   A. In that Defendants used excessive and unreasonable force in the discipline of Plaintiff, in that he was unlawfully restrained for several hours, having handcuffed Plaintiff face down for several hours.

   B. In that Defendants failed to exercise sound discretion in the discipline of Plaintiff in identifying less intrusive and capricious means.

DATE MAR 04 2010
A true copy I certify
ARTURO GUAJARDO, JR.
County Clerk, Hidalgo County, Texas
By _____ Deputy

## PLAINTIFFS' CLAIMS OF CONSTITUTIONAL VIOLATIONS

13. Defendant school officials, under the color of law, acted willfully, deliberately, maliciously, or with reckless disregard for Plaintiff's clearly established constitutional rights. A student should be free from corporal punishment that is capricious, arbitrary, and wholly unrelated to a legitimate state purpose. Doe v. Taylor, 15 F3d 443 (5th Circuit, 1994); Johnson v. Dallas ISD, 38 F3d 198 (5th Circuit, 1994). Plaintiff has substantive due process rights to life, liberty, and bodily integrity. U.S. Constitution, Amendment XIV. These aforementioned rights were directly violated by Defendants. Defendants' actions were capricious and arbitrary, as handcuffing a six year old boy face down for several hours serves no legitimate state purpose. Other, less intrusive, means were available to the school officials but were not followed. Defendants' violations of Plaintiff's clearly established constitutional rights have caused Plaintiff damages.

## DAMAGES FOR PLAINTIFF

14. As a direct and proximate result of the occurrence made the basis of this lawsuit, Plaintiff was caused to suffer injuries to various areas, and to incur the following damages:

    A. Reasonable medical care and expenses in the past.

    B. Reasonable and necessary medical care and expenses which will in all reasonable probability be incurred in the future;

    C. Physical pain and suffering in the past and future;

    D. Mental anguish in the past and future;

    E. Physical impairment in the past; and

    F. Physical impairment which, in all reasonable probability, will be suffered in the future.

DATE MAR 04 2010
A true copy I certify
ARTURO GUAJARDO, JR.
County Clerk, Hidalgo County, Texas
By _____ Deputy

## ATTORNEY FEES

15. Plaintiff is entitled to an award of attorney fees and costs under 42 U.S.C. §1988(b).

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Claudia Martinez, Individually and as Parent of A____ M____, minors, respectfully pray that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiffs against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiffs may be entitled at law or in equity.

Respectfully submitted,

By:_____
Robert Puente
Texas Bar No. 24013359
602 N. McColl Rd.
McAllen, Texas  78501
Tel. (956) 618-9904
Fax. (956) 618-1490
Attorney for Plaintiffs
Maribel Salinas, et al

**PLAINTIFFS HEREBY DEMANDS TRIAL BY JURY**

DATE  MAR 04 2010

A true copy I certify
ARTURO GUAJARDO, JR.
County Clerk, Hidalgo County, Texas
By _____ Deputy